***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. Accordingly, the Full Commission affirms, with some modifications, the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. Defendant has accepted plaintiff's August 31, 2005 injury by accident as compensable and has provided disability and medical compensation since that time.
3. Defendant has paid disability compensation at a rate of $284.85 per week to plaintiff from January 3, 2006 until January 9, 2006, and from January 24, 2006 until January 30, 2006. Defendant has paid disability compensation at a rate of $227.44 per week to plaintiff from January 31, 2006 and ongoing. Plaintiff contends that this is not the correct rate of compensation.
4. An employment relationship existed between the plaintiff and the defendant, Cumberland County Board of Education, at all times relevant to this claim.
5. At all times relevant to plaintiff's injury by accident, Key Risk Insurance Company, has administered the claim on behalf of Cumberland County Board of Education.
6. Plaintiff's disability began January 3, 2006.
7. Plaintiff earned $18,940.79 from August 31, 2004 through August 30, 2005.
8. Plaintiff was permitted to work and make earnings from other employers during these times. Defendant-employer did not restrict plaintiff from working other jobs for other employers during her vacations, holidays, or breaks.
9. Plaintiff was injured on August 31, 2005 while attempting to restrain an unruly special education student. The child kicked plaintiff in her left knee.
10. Plaintiff underwent surgery for her left knee injury on March 14, 2006, for which defendant paid.
11. The parties stipulated into evidence as Stipulated Exhibit # 1, the Pre-Trial Agreement, as modified and initialed by the parties.
12. The parties stipulated into evidence as Stipulated Exhibit # 2, plaintiff's wage records and Industrial Commission Forms. *Page 3 
13. The parties stipulated into evidence as Stipulated Exhibit # 3, Industrial Commission Forms.
 *********** EVIDENTIARY RULING
Prior to the hearing before the Full Commission, plaintiff filed a Motion to Authorize Aptitude and/or Intelligence Testing and defendant subsequently filed objections to the Motion. Having considered the positions of both parties, the Full Commission addresses the vocational rehabilitation issues within this Opinion and Award.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 66 years old. She had worked for the defendant-employer as a teacher's assistant for over 20 years. She worked in a K-2 classroom as a teacher's assistant with between ten and twelve behaviorally and emotionally disturbed and/or disabled children.
2. On August 31, 2005, while employed by defendant, a special education student kicked plaintiff in her left knee. Defendant accepted plaintiff's injury as compensable.
3. Plaintiff's treating physician released plaintiff from work on January 3, 2006.
4. Plaintiff initially received $284.85 in temporary total disability benefits per week pursuant to an I.C. Form 60, dated January 13, 2006. Subsequently, defendant unilaterally reduced this benefit to $227.44 per week pursuant to a Form 62 and provided the explanation: "NEW AWW/CR BASED ON RECEIPT OF 1 YR WAGES." Plaintiff has received this lower compensation rate since January 31, 2006. *Page 4 
5. As she testified at the hearing before the Deputy Commissioner, plaintiff has worked a second job as a home health aid during her summer breaks at the end of her traditional ten-month school calendar year. However, as a result of her compensable injury to her knee, she is no longer able to work as a home health aid and earn additional income.
6. Plaintiff's employment contract with defendant was for the traditional ten-month school year, or school calendar year and her annual salary as a teacher's assistant was based upon this ten-month school period. Plaintiff, as well as other employees, could elect for the annual salary to be paid over the ten-month period or averaged over a twelve-month period.
7. Prior to the date of her compensable injury on August 31, 2005, plaintiff had elected to receive her pay over a ten-month period, rather than to elect to receive the same annual salary spread over a twelve-month pay schedule. Plaintiff's election of this ten-month payment schedule became effective on August 15, 2005.
8. In determining an employee's average weekly wage, the Full Commission considers the methods for calculating average weekly wage set forth in N.C. Gen. Stat. § 97-2(5). In this case, the first method is inappropriate as plaintiff worked less than 52 weeks immediately preceding her injury. The second method is also inappropriate as it applies to an employee who has worked 52 weeks but missed more than 7 consecutive days during that period. The third method applies to an employee who worked less than 52 weeks and is used to calculate average weekly wage by dividing the actual earnings by the number of weeks worked, provided the results are fair and just to both parties.
9. The nature of plaintiff's employment contract as a teacher's assistant with defendant covered a period of less than a fifty-two weeks. Plaintiff's annual salary was based *Page 5 
upon ten months of employment. Therefore, the Full Commission finds the third method to be appropriate in this case and the one that yields a result that is fair and just to both parties.
10. Applying this third method of calculation, plaintiff's actual earnings are divided by the number of weeks during which plaintiff earned her wages or salary. The parties stipulated that plaintiff earned $18,940.79 from August 31, 2004, through August 30, 2005. This amount should then be divided by 43 weeks, the number of weeks plaintiff earned her salary. The 43-week period was obtained by dividing 12 (months) into 52 (weeks). This division equals 4.3 as the average number of weeks in a one month period. Multiplying 10 (representing plaintiff's 10 months employment salary period) by 4.3 results in 43 weeks as the number of weeks during which plaintiff earned her salary.
11. In applying the third method, the Full Commission finds plaintiff had an average weekly wage of $440.48 and a compensation rate of $293.67.
12. The Full Commission finds that plaintiff would benefit from vocational rehabilitation services, which may include appropriate testing.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The application of the third method of calculation under N.C. Gen. Stat. § 97-2(5), together with the greater weight of the evidence regarding plaintiff's earnings, results in a fair and just average weekly wage of $440.48 and a compensation rate of $293.67. N.C. Gen. Stat. § 97-2(5); McAninch v. Buncombe County Sch., 347 N.C. 126, 489
S.E.2d 375 (1997). *Page 6 
2. As a result of her admittedly compensable injury by accident, plaintiff is entitled to temporary total disability compensation at the rate of $293.67 per week beginning January 3, 2006, and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to all reasonably necessary medical treatment related to her injury by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability, including vocational rehabilitation services and any appropriate testing. N.C. Gen. Stat. §§ 97-25.1; 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney fee herein approved, defendant shall pay temporary total disability benefits to plaintiff for her admittedly compensable injury in the amount of $293.67 per week beginning on January 3, 2006, and continuing until further Order of the Commission. Compensation due that has accrued shall be paid in a lump sum, subject to the attorney fee hereinafter approved.
2. Defendant shall provide to plaintiff all reasonably necessary medical treatment related to her compensable injury by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability, including vocational rehabilitation services and any appropriate testing.
3. Plaintiff's counsel is entitled to reasonable attorney's fees in an amount equal to twenty five percent (25%) of the sums due plaintiff under Paragraph 1 of this Award to be paid *Page 7 
directly to plaintiff's counsel by deducting one-fourth of the lump sum due plaintiff and thereafter by deducting every fourth check, which shall be paid directly to plaintiff's counsel.
4. Defendant shall pay the costs.
This the __ day of August 2007.
S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ DANNY LEE McDONALD COMMISSIONER *Page 1